## BLUMENTHALL v. GOODALL.*

### No. 12,638; December 6, 1890.

#### 25 Pac. 131.

**Broker—Revocation of Authority.—A Person Authorized by the Owner** of land to sell it gave a contract to a third person for the price named, but "subject to perfect record title, Thirty days allowed for examination of title." The owner of the land let such third person take the abstract to examine, but told him he could

---

*For subsequent opinion in bank, see 89 Cal. 251, 26 Pac. 906.

not have thirty days. Held, that as the agent had not produced a purchaser ready and willing to take the property on the terms embraced in the authority, the owner might, before such unconditional acceptance, revoke the authority of the agent.

APPEAL from Superior Court, City and County of San Francisco.

H. C. Firebaugh for appellant; Geo. E. Towle for respondent.

FOX, J.—Action for the recovery of commissions claimed to have been earned by a real estate agent, in the sale of certain lands belonging to defendant. Judgment for defendant; motion for new trial denied, and appeal from both judgment and order. The record contains no bill of exceptions, or statement of the case. Consequently, there is nothing upon which we can review the order of the court refusing to grant a new trial. The only examination we can make is of the judgment-roll, and the only inquiry is whether the findings support the judgment. The court found that the defendant, being the owner of the land in question, on the thirteenth day of July, 1887, gave to L. Oestreicher, a real estate agent, an authorization in writing, of which the following is a copy: "I hereby authorize Mr. L. Oestreicher to sell blocks 899, 900, 901, 903, outside lands, for the sum of fifteen hundred dollars ($1,500) each; will allow him one hundred dollars ($100) as commissions for his services on each block. This contract to be in force for ten days from date hereof." Which paper was duly dated and signed by defendant. The court further finds that on the same day Oestreicher agreed with one Fulda, orally, for the sale of the blocks at the price named, but, Fulda failing to put his agreement in writing, Oestreicher afterward, and on the same day, executed with O. F. Von Rhein & Co. the following agreement in writing: "Received of O. F. Von Rhein & Co. the sum of three hundred dollars ($300) on account of purchase of outside land, blocks 899, 900, 901, and 903; price agreed upon, six thousand dollars, ($6,000); subject to perfect record title. Thirty days allowed for examination of title. If title does not prove perfect, deposit to be returned." On the same day Oestreicher notified the de-

fendant in writing of what he had done with Von Rhein; that on the 14th, Von Rhein applied to defendant, told him of his agreement to purchase, and asked for the abstract of title. Defendant told him that he would not allow thirty days to examine title. Von Rhein replied that he would make the examination earlier if possible, and received and receipted for the abstract, the same to be returned to the defendant, but no time for its return specified. Later in the same day defendant received from Fulda a letter, notifying him that he (Fulda) had agreed with Oestreicher for the purchase of the blocks, and that he was prepared to examine the title, and complete the purchase if the title proved satisfactory, demanding of defendant to complete the sale, and offering to deposit $500 on account thereof; that on the next day defendant served written notice upon both Oestreicher and Von Rhein & Co., reciting that Oestreicher had procured the authorization given to him upon his representation that he had an eastern party who was about to depart, to whom he could sell those blocks, if he had authority to act at once, but he had not time to hunt up other blocks for him before his departure; that, instead of selling them as he said he could, he had negotiated a sale of them to two different resident purchasers, and, in view of these complications and misstatements, he revoked the authority of Oestreicher, and declined to proceed further in the consummation of the sale of the property through him; that on the nineteenth day of July, Von Rhein completed his examination of the title, and offered to complete the purchase, but the defendant refused to accept the money, or make the deed; that demand of the commission had been made and refused, and the claim therefor had been duly assigned to plaintiff. It was also found that the authorization from defendant had not been secured through any fraud or misrepresentation on the part of Oestreicher. On these facts the court found, as conclusion of law, that the plaintiff was not entitled to the relief demanded, and judgment was entered for defendant.

Although the rule may in some cases be a harsh one, the conclusion of the court was correct. Goodall had the right to revoke the authority given to Oestreicher at any time before complete performance on his part: Civ. Code, sec. 2356; Masten v. Griffing, 33 Cal. 114; Brown v. Pforr, 38 Cal. 553; Janin v. Browne, 59 Cal. 47; Flanagan v. Brown, 70 Cal. 254,

11 Pac. 706. Up to the time of the revocation in this case, there had been no performance on the part of Oestreicher. Performance on his part, to entitle him to his commissions, would have been the production of a purchaser, then ready and willing to make the purchase upon the terms embraced in the authority. No such purchaser had been found and produced when the authority was revoked. Neither of those who are claimed to have been such had up to that time signified their willingness to take the property unconditionally, upon the terms proposed. Judgment and order affirmed.

We concur: Sharpstein, J.; McFarland, J.; Paterson, J.

We dissent: Works, J.; Thornton, J.