[No. 12904.    Department Two. — December 10, 1890.]

## HENRY TOOMY, APPELLANT, *v.* WILLIAM DUN-PHY, RESPONDENT.

STATUTE OF FRAUDS — EMPLOYMENT OF REAL ESTATE BROKER — SUFFI-CIENCY OF MEMORANDUM. — A writing, signed by the principal, which states that the agent " can arrange for the sale of my ranch in Nevada, as per within memorandum," is a sufficient memorandum of employment under the statute of frauds.

ID. — CONTENTS OF MEMORANDUM — COMPENSATION. — Section 1624 of the Civil Code does not require that a written agreement or memorandum authorizing or employing an agent or broker to sell real estate shall express that the employment is for compensation or a commission.

ID. — PRESUMPTION OF CONSIDERATION. — Such written contract of employ-ment is presumptive evidence of consideration, and raises a presumption that the defendant, as principal, had agreed to pay the plaintiff, as his agent or broker, a consideration for services rendered under the contract.

ID. — ACTION FOR BROKER'S SERVICES — QUANTUM MERUIT — EVIDENCE. — In an action upon a *quantum meruit* for the reasonable value of services rendered under such written memorandum of employment, the written memorandum is admissible, though not specifying the commission or

compensation; and evidence is admissible to show what services were rendered under the contract, and the reasonable value thereof.

REMEDIAL STATUTES — CONSTRUCTION. — A statute remedial in its object, if its meaning is doubtful, will be construed so as to suppress the mischief adverted to, and advance the remedy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*C. V. Grey, George W. Chamberlain,* and *J. E. McElrath,* for Appellant.

*H. I. Thornton,* and *Lloyd & Wood,* for Respondent.

GIBSON, C.—Plaintiff brought this action to recover of the defendant $18,750 as the reasonable value of his services rendered in procuring a purchaser for defendant's ranch in the state of Nevada, with the live-stock and farming implements thereon, at the fixed price of $150,000, payable in three several installments, under a writing signed by the defendant, the material part of which is as follows:—

"Henry Toomy can arrange for the sale of my ranch in Nevada, as per within memorandum."

On the trial, the plaintiff, to sustain the issues upon his part, after proving that he was a real estate broker and agent, and the execution and delivery of the memorandum, above referred to, offered it in evidence, and upon the objection of the defendant that it was incompetent, etc., because it neither specified that the employment of plaintiff was for compensation or a commission, nor the amount of any compensation or commission, for his services, it was excluded. The plaintiff next offered to prove that he found a purchaser able, ready, and willing to purchase, who was acceptable to the defendant, and that his — plaintiff's — services were reasonably worth the amount demanded. The evidence so offered was excluded on defendant's objection, on the ground

that there was no evidence tending to show that the plaintiff had been employed by a contract in writing as broker or agent to sell the property for compensation or a commission. Then, after other evidence of the same character as the last was offered and excluded, the plaintiff rested his case.

The defendant, without offering any evidence, did likewise, and thereupon the judgment, from which plaintiff appeals, was rendered against him.

The exclusion of the memorandum presents the gist of the controversy. The appellant contends that all that a writing employing a broker or agent to purchase or sell real estate for compensation or a commission need show is, the fact of employment; and that it is not required to express that such employment is for compensation or a commission. While, on the other hand, the respondent contends that, to be valid, it must disclose that the employment is for compensation or a commission.

By section 1624 of the Civil Code it is provided: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or by his agent: . . . . 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

This section was applied in the following cases: *McCarthy* v. *Loupe,* 62 Cal. 299; *Myres* v. *Surryhne,* 67 Cal. 657; and *Zeimer* v. *Antisell,* 75 Cal. 509. In each of those cases it was held that no recovery by a broker or agent for effecting a sale of real estate could be had, unless he was employed, by an agreement in writing, for that purpose. But none of them involved the precise point in question here.

The sixth clause was added to the above section of the code in 1878; prior to which time, it seems that the absence of an express contract might have been supplied

LXXXVL CAL.—41

by proof of usage regulating transactions like the one here. (*McCarthy* v. *Loupe*, 62 Cal. 299.) The change thus made was to prevent the assertion of false claims for compensation by brokers and agents against owners of real estate, which could be done with facility under the former rule.

Thus we perceive that the clause is remedial in its object, and if its meaning is doubtful, as suggested by this controversy, its words will have to be construed so as to suppress the mischief adverted to, and advance the remedy.

The agreement referred to in the clause, it is true, is one defining the right of the agent to effect a purchase or sale of realty, and the liability of the principal to recompense him for his services. But it is to be observed that the chief element in it is the employment. This must necessarily be so, because, as appears by the cases above cited, without proof, in writing, of the employment, no recovery can be had. If, then, no recovery can be had without such proof of the employment, it seems to us that the object of the clause will be fully subserved by holding that, in an agreement like the one in question, the expressing of the fact of employment, without stating that it is for compensation, will suffice.

If there were any doubt of this, it would be resolved by reading in connection with the above clause section 1614 of the same code, which bears upon the same subject-matter, and which is as follows: " A written instrument is presumptive evidence of a consideration."

This provision is general, and applies to all contracts where a different rule is not expressly prescribed. And we think that had the legislature intended that contracts like the one in question should state a consideration for the services to be rendered by the broker or agent, it would have expressly said so.

From this it follows that the memorandum of agreement offered in evidence by the appellant was errone-

ously excluded; also, the evidence tending to prove that he had rendered services under the contract of employment. (*Waterman* v. *Boltinghouse*, 82 Cal. 659; *Zeimer* v. *Antisell*, 75 Cal. 509.)

And as the written contract of employment raised a presumption that the defendant, as principal, had agreed to pay the plaintiff, as his agent, a consideration for services rendered under that contract, and as no certain amount appeared to have been stipulated for, the evidence tending to show the reasonable value of such services should have been admitted.

We therefore advise that the judgment be reversed, and the cause remanded for a new trial.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.

Hearing in Bank denied.