[Civ. No. 853.   Third Appellate District.—November 23, 1911.]

## KLEINSORGE & HEILBRON, a Copartnership, Respondent, v. WILLIAM N. LINESS, Appellant.

STATUTE OF FRAUDS — INSUFFICIENT EMPLOYMENT OF REAL ESTATE BROKERS.—A writing signed by an agent for the owner of real property, agreeing to sell the owner's property, particularly described, upon terms fully specified, and which specified no employment or authorization to anyone to negotiate a sale on behalf of the owner, but which was merely delivered to an authorized agent of a firm of real estate brokers, is insufficient, under the statute of frauds, to show any employment of said brokers to negotiate the sale.

ID.—ACTION TO RECOVER COMMISSIONS—IMPROPER ADMISSION OF PAROL EVIDENCE.—In action to recover commissions by said firm of real estate brokers on the ground that they had found a purchaser for the owner, ready and willing to make the purchase, on the terms specified, and also seeking to recover the value of their services rendered for the owner upon a *quantum meruit,* the court erred in admitting parol evidence to show an employment by them to sell the land for the owner, upon the terms specified, either for an agreed commission or for the reasonable value of their services.

ID.—SETTLED RULE AS TO RECOVERY OF COMPENSATION—WRITTEN MEMORANDUM OF AUTHORITY.—It is the settled rule in this state that to entitle a broker to recover compensation for effecting a sale of real property, he must show that he was employed by or on behalf of the owner to make the sale, and that his authority, or some note or memorandum thereof, was in writing, subscribed by the party to be charged, or by his authorized agent. The chief element which must be shown by such memorandum in writing is the fact of employment, and without written proof of that fact, no recovery can be had, but written proof thereof will entitle the broker to a recovery, though the amount of the compensation is not specified.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.   C. N. Post, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellant.

A. L. Shinn, and C. L. Shinn, for Respondent.

HART, J.—The plaintiffs, constituting a copartnership, are engaged in the business of buying and selling real estate in the city of Sacramento.

One O. H. Cope was, in the year 1909, in the employment of plaintiffs, his duties being to negotiate the purchase and sale of real estate for said copartnership.

In the month of July, 1909, the defendant delivered to Cope, acting for plaintiffs, the following writing:

"I hereby agree to sell my property described as follows, to-wit: The east 20 feet of Lot 1, in the block or square bounded by L and M, 8th and 9th streets, City of Sacramento, County of Sacramento, State of California, for the sum of eighty-four hundred dollars ($8400). The payments are to be made as follows: The first payment is to be made on or before August 3rd, 1909, and is to be five hundred dollars. All other payments are to be made once a month, $50.00 per month is to be paid from the date of the first payment, together with interest at the rate of 6 per cent, on the deferred payments. At the end of one year and one-half from the date of this agreement, the sum of $5000.00 should be paid on the purchase price of the property.

"Dated: July 24th, 1909, at Sacramento, Cal.

"(Signed)   WM. N. LINESS.

"For Owner."

Claiming that the foregoing writing was executed by the defendant for the purpose of conferring upon them the authority to negotiate the sale of the property referred to therein for certain stipulated compensation, the plaintiffs brought this action to recover the commissions to which they claim to be entitled under said alleged agreement.

The cause was tried by the court, without a jury, and judgment rendered and entered in favor of the plaintiffs for the sum of $400.

This appeal is by the defendant from the judgment and the order denying him a new trial.

The complaint is in two counts—the one upon the writing and the other upon a *quantum meruit.*

It is alleged that, in pursuance of said asserted authorization, the plaintiffs procured a party ready, willing and able to purchase said property on the terms prescribed by said writing, but that defendant refused to sell the same to said party upon the terms so specified.

The assault by the appellant upon the decision of the court below is founded mainly on the contention that the writing referred to and upon which plaintiffs deemed themselves authorized to negotiate the sale of the property described therein or to procure a purchaser thereof is insufficient, under the provisions of the statute of frauds, to vest such authority in plaintiffs. In other words, the contention is that, to satisfy the requirements of the statute as to agreements of the character of the one concerned in this action, the authority to sell real estate for another must be specifically conferred by the writing upon the broker or person in whom the intention of the owner of the property was to vest such authority, and that the plaintiffs, not having been by said writing expressly employed to sell the property or to procure a purchaser thereof, cannot maintain this action.

Section 1624 of the Civil Code, subdivision 6, provides that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent. Subdivision 6 of section 1973 of the Code of Civil Procedure contains a similar provision.

It will be noted, by an inspection of the instrument under which plaintiffs sought to sell the property, that said writing, while clearly enough disclosing a willingness on the part of the defendant to sell the property to someone upon certain specified terms, does not specifically or by express language authorize plaintiffs or any other particular person to sell or negotiate the sale of said property.

The court, over the objections of the defendant, allowed the plaintiffs to prove by parol testimony that, as a matter of fact, the defendant entered into an oral agreement with them, at

the time of the execution and delivery of the writing to them by defendant, by which he authorized them to sell the property upon the terms evidenced by said writing.

We think it is very clear that the writing upon which plaintiffs undertook to act in the sale of the property mentioned therein does not meet the requirements of the statute of frauds and, therefore, conferred no authority on them to procure a purchaser of said property. It follows, of course, that the court erred to the detriment of the defendant in allowing parol proof of plaintiff's authorization to sell the property.

It has been repeatedly held in this state that, to entitle a broker to recover commissions for effecting a sale of real property, he must show that he was employed by or on behalf of the owner to make the sale, and that his authority, or some note or memorandum thereof, was in writing, subscribed by the party to be charged, or by his authorized agent. (*Zeimer* v. *Antisell,* 75 Cal. 511, [17 Pac. 642]; *McCarthy* v. *Loupe,* 62 Cal. 299; *Myres* v. *Surrhyne,* 67 Cal. 657, [8 Pac. 523]; *Toomey* v. *Dunphy,* 86 Cal. 641, [25 Pac. 131].)

In *Toomey* v. *Dunphy,* the memorandum read: "Henry Toomey can arrange for the sale of my ranch in Nevada, as per within memorandum." The trial court excluded said memorandum as evidence on the objection that "it neither specified that the employment of plaintiff was for compensation or a commission, nor the amount of any compensation or commission, for his services." The supreme court reversed the judgment for that ruling and, among other things, said: "In each of those cases [referring to the cases cited above] it was held that no recovery by a broker or agent for effecting a sale of real estate could be had, *unless he was employed, by an agreement in writing for that purpose.* But none of them involved the precise point in dispute. . . . The agreement referred to in the clause (of section 1624, Civil Code), it is true, is one defining the right of the agent to effect a purchase or sale of realty, and the liability of the principal to recompense him for his services. But it is to be observed that the *chief element in it is the employment.* This must necessarily be so, because, as appears by the cases above cited, without proof, *in writing, of the employment, no recovery can be had.* If, then, no recovery can be had without such proof of the employment, it seems to us that the object of the clause will be

fully subserved by holding that, in an agreement like the one in question, the expressing of the fact of employment, without stating that it is for compensation, will suffice.''

It will readily be observed, from the result reached in the foregoing case, that the provision of the statute as to the mode of evidencing the authority in a broker to purchase or sell real estate would be entirely destroyed if it were true that his employment for that purpose need not be in writing and may, therefore, be shown by parol testimony; for, since it is not necessary to specify the compensation in the agreement or the note or memorandum thereof which the broker is to receive for his services, there is left no other vital requirement of the statute as to agreements or writings of this character but the one with regard to the employment or the authority by which the broker may negotiate the purchase or sale of real property for other persons. In other words, if, as is the contention here, the employment of a broker to sell real property for another is not required by the statute to be specifically evidenced by a writing, then the provision as to such agreements would be, in view of the decision in *Toomey* v. *Dunphy,* altogether meaningless and purposeless.

The sixth clause of section 1624 was added to that section by the legislature of 1878, and, as all the authorities declare, the change thus made was to ''prevent the assertion of false claims for compensation by brokers and agents against owners of real estate, which could be done with facility under the former rule.'' This being the object of the amendment or addition, it is obvious that it would signally fail of the accomplishment of such purpose if, after all, the broker could prove his employment by parol in the absence of a writing evidencing his employment.

In the case at bar, as we have shown and as is clear from the writing itself upon which plaintiffs rely for a recovery, there is absolutely no language used therein expressly or specifically employing plaintiffs to sell the property described in said writing. Indeed, as before suggested, there is nothing in the writing authorizing any person to sell the property. As already stated, the language of the writing is sufficient to support the inference that the defendant was willing to sell the property upon the terms specified in said writing, but the language falls far short of warranting the inference that

the sale, if in point of fact one was contemplated or intended, was to be effected through the intervention of a broker or any other third party. Indeed, so far as the writing itself shows to the contrary, the proposition contained therein might have been directly submitted by the defendant himself to an intending purchaser.

Counsel for respondents have cited no authorities which support their construction of the sixth subdivision of section 1624 of the Civil Code. The case of *Sanchez* v. *Yorba,* 8 Cal. App. 490, [97 Pac. 205], cited by respondents, deals with an entirely different proposition from that presented in this case. In that case the memorandum upon which plaintiff recovered consisted of a letter addressed to plaintiff's assignor by the owner of the land, in which the latter stated the terms upon which he would sell the "Yorba ranch," further saying therein, "we also agree to pay regular commission fees in case of a sale." This letter was held to be sufficient as a memorandum to confer authority on plaintiff's assignor to sell said "Yorba ranch" on the terms specified therein, and there can be no doubt of the correctness of the ruling.

We see no escape from the conclusion that the writing involved here was altogether insufficient to disclose the employment of plaintiffs by the defendant for the purpose of selling or procuring a purchaser of the land referred to in said instrument, and that it was improper and prejudicial for the court to have allowed parol testimony showing such employment under said writing.

The judgment and order are, therefore, reversed.

Chipman, P. J., and Burnett, J., concurred.