[Civ. No. 1054.   Second Appellate District.—February 24, 1912.]

JOHN L. PATTERSON, Respondent, v. CLARENCE T. TORREY, Appellant.

BROKER'S COMMISSIONS—ORAL REQUEST FOR SERVICES—STATUTE OF FRAUDS—MEMORANDUM IN WRITING REQUIRED.—The fact that a broker, suing for commissions, on a sale of real estate, performed valuable services for the defendant at his oral request, cannot authorize the recovery of any compensation therefor, in the absence of some note or memorandum in writing, subscribed by the defendant,

whereby plaintiff was employed or authorized to negotiate the sale
or exchange, as required by subdivision 6 of section 1624 of the
Civil Code.

ID.—IMPROPER FINDING—INCONSISTENCY WITH PLAIN IMPORT OF LAN-
GUAGE USED.—It is held that, while the court finds that the instru-
ment was made and delivered by the defendant "for the purpose of
authorizing the plaintiff, as such real estate broker, to make such
sale .and exchange of said property of defendant for commission
on the terms and price specified for defendant," nevertheless the
purpose specified in such finding is wholly inconsistent with the plain
import of the language used by the parties.

ID.—NAKED ACT OF OWNER FIXING PRICE.—The naked act of an owner
of real estate in fixing a price at which he is willing to sell or ex-
change the same, given in writing at the request of a broker, does
not constitute an employment of such broker by the owner, or bind
him to pay the broker a commission for making a sale of the prop-
erty.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodget, for Appellant.

Trusten P. Dyer, and Murphey & Poplin, for Respondent.

SHAW, J.—Action by real estate broker to recover com-
missions for negotiating a sale and exchange of real property
valued at $20,000.

Judgment went for plaintiff, from which, and an order
denying his motion for a new trial, defendant appeals.

It appears from the allegations of the complaint and find-
ings of the court that defendant, after making an unsuccess-
ful attempt to negotiate an exchange of his property with
one Charles H. McFarland, signed and delivered to plaintiff
a writing as follows:

"Mr. Patterson: At your request, I will give you the price
wanted for my house 2659 Ellendale place.

"For the place bare of all hangings and draperies—
$20,000 00/xx.

"For the place including hangings and draperies, window
curtains and etc., $23,500.00.

"I will accept in exchange Mr. McFarland's home on either proposition at a valuation of $8,000 00/xx. Balance cash.

"(Signed)   C. T. TORREY." -

And thereupon, as alleged and found by the court, requested plaintiff to see Mr. McFarland in regard to making the exchange. As requested by defendant, plaintiff saw McFarland and procured from him an acceptance of the offer made by defendant to plaintiff, in accordance with which the sale and exchange were consummated.

While upon the record there can be no doubt as to the fact that plaintiff performed valuable services at defendant's oral request, nevertheless, the law is too well settled to admit of controversy that there can be no recovery of compensation therefor, in the absence of some note or memorandum in writing subscribed by the defendant, whereby plaintiff was employed or authorized to negotiate the sale or exchange. (Civ. Code, subd. 6, sec. 1624.) The writing does not purport to be other than a statement fixing the price at which defendant was willing to sell his property, and expressing his willingness to accept McFarland's home at a valuation of $8,000 in part payment of the price so fixed. It is impossible to construe the instrument as constituting an employment of plaintiff by defendant, or conferring upon him any authority to negotiate a sale or exchange for a compensation or commission. While the court finds that the instrument was made and delivered by defendant "for the purpose of authorizing the plaintiff, as such real estate broker, to make such sale and exchange of said property of defendant with said Charles H. McFarland, for commission, on the terms and price specified by defendant," nevertheless, such purpose is wholly inconsistent with the plain import of the language used by the parties. The naked act of an owner of real estate in fixing a price at which he is willing to sell or exchange the same, given in writing at the request of a broker, does not constitute an employment of such broker by the owner, or bind him to pay the broker a commission for making a sale of the property.

For the reason that the record discloses no employment of plaintiff evidenced by writing, under which defendant either

directly or by implication agreed to pay him a compensation for his services, the judgment and order are reversed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 25, 1912, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on April 24, 1912.