SIMON HEYMAN, APPELLEE, v. CHARLES STOPPER, AP-
PELLANT.

Submitted July 3, 1913—Decided November 10, 1913.

That section of the statute of frauds respecting real estate brokers'
commissions to be recovered from the owner of lands, requires
a writing signed by the owner, granting authority to a broker
for selling, and recognizing the authority of such broker to make
the sale.

On appeal from the Second District Court of the city of
Newark.

Before Justices SWAYZE, BERGEN and VOORHEES.

For the appellant, *Hugo Woerner.*

For the appellee, *Selick J. Mindes* and *Jacob L. Newman.*

The opinion of the court was delivered by

VOORHEES, J.   This is an appeal from the Second District
Court of Newark.   The point raised is that the statute of
frauds, with reference to a real estate broker's commissions,
does not permit a recovery by the agents under the facts set
forth in this case.

The statute of frauds was undoubtedly an act for the
benefit of real estate owners.   It provides that "No person
selling land for the owner shall be entitled to commissions
unless (*a*) the authority for selling is in writing, signed by
the owner; (*b*) the authority of the broker to make a sale is
recognized in the writing, signed by the owner, and (*c*) the
rate of commissions on the dollar shall have been stated
therein.   This section, of course, is applicable to the owner
alone.

The following is a copy of the writing entered into:

"February 23d, 1912.

"This is to certify that I will pay two and one-half per centum' (2½%) commission on the sale of the property, No. 53 South Orange Avenue, Newark."

I find no authority in it for selling or exchanging this land, or authorizing its sale, nor is the authority of any broker or real estate agent recognized by it. There is, in my opinion, no written authority for any broker to sell the land. Is this made good by the fact that the writing was delivered to a certain broker? It strikes me not, for the act says that "No person shall be entitled to any commission, unless his authority for selling is in the writing, and his authority to make a sale is recognized in the writing." I fail to find these necessary preliminary steps in the writing thus examined.

The judgment must be reversed in order that a new trial may be had.