[Civ. No. 5138. Second Appellate District, Division One.—May 17, 1928.]

E. S. EGAN, Respondent, v. PACIFIC SOUTHWEST TRUST AND SAVINGS BANK (a Corporation), Executor, etc., Appellant.

Martin M. Levering, Jesse F. Waterman and A. W. Hutton for Appellant.

Fred W. Morrison for Respondent.

YORK, J.—This is an appeal by defendant from a judgment of the superior court in favor of the plaintiff and against the defendant, as executor of the will of Rose E. Davis, deceased, for the sum of $1,000 found to be due plaintiff for securing for said Davis a purchaser for certain real estate.

The defense is, first, that there was no agreement or memorandum in writing authorizing or employing plaintiff as agent or broker to sell the real estate for said Davis, and, second, that plaintiff did not procure a purchaser ready, able, or willing to purchase the real estate. Plaintiff relies upon two written instruments and certain corroborative evidence.

The instruments are as follows:

"L. A., Cal., Sept. 1, 1923.

"Received of Mrs. E. S. Egan $500.00 (five hundred dollars) deposit on flats 3804–3806 Wall St. Price to be $11,000.00 (eleven thousand dollars).

"ROSE E. DAVIS."

"L. A., Cal. 1, 1923.

"I agree to sell flats located at 3806–3804 Wall St. Price to be $11,000.00 (eleven thousand dollars). $10,000.00 (ten thousand dollars) net to me. $1,000.00 (one thousand dollars) for Mrs. E. S. Egan, less escrow charges. Agreed $3500.00 (thirty-five hundred dollars) down. $7500.00 (seventy-five hundred dollars) first mortgage at 7% for three years.

"ROSE E. DAVIS."

██ The first point discussed in appellant's opening brief is the construction of said written instruments, contending that they do not evidence employment of plaintiff as required by section 1624 of the Civil Code. The writings above set forth do not purport to authorize plaintiff to act for said Davis. That it was not so intended is corroborated by the fact that the prospective purchaser, Miss Tracie. was introduced to said Davis by plaintiff several days before the instruments were executed and at a time when it is not contended by respondent that she had any authority to represent said Davis, and any agreement for the sale, if any there was, appears to have been made on the same day as the alleged authority to plaintiff, and the prospective purchaser's check, although appearing to have been signed on the same day, was made prior to the signing of any writing by said Davis, as indicated by reference to it in the testimony in which it is referred to. Construing the memorandum as an agreement on the part of said Davis, it was at most only a memorandum of an agreement to pay plaintiff $1,000, less escrow charges, out of the sum of $11,000, the price for which said Davis had offered to sell the property.

██ There is no evidence that the prospective purchaser ever accepted said proposition of Davis. A mere giving of a check for $500 by Miss Tracie to plaintiff and plaintiff in turn turning it over to said Davis after indorsement by plaintiff was not sufficient evidence of acceptance by Miss Tracie of the offer of Davis to sell. (*Gunn* v. *Bank of California*, 99 Cal. 349, 352 [33 Pac. 1105].)

As to the second proposition, the prospective purchaser did not enter into any contract which would have bound her to complete the purchase. Although she says she went once or twice to the "escrow" office, she had no conversation or communication with said Davis about meeting her there. There is no evidence as to the fact of why the transaction was not consummated or whether said *Davis* ever refused to consummate it. Certain it is that said Davis did not make the sale and she received no money in the transaction or any offer of performance on the part of the prospective purchaser.

There is no evidence as to whether an escrow was ever made or whether any certain escrow office had ever been selected to transact the business.

■ Evidence that said Davis had admitted that plaintiff had sold the property for her is not sufficient to establish that fact in the absence of authority to plaintiff to make the sale or find a purchaser, and in the absence of any evidence that the sale was ever consummated and in the absence of any evidence that any binding contract of sale was ever made.

Although the prospective purchaser testified that she was ready, able, and willing to make the purchase of the property, she did not testify that she ever promised to purchase it from said Davis, and there was no evidence of such promise, aside from the said $500 check payable to plaintiff and transferred by her to said Davis, which check was never cashed and which check in itself was insufficient to establish that said Davis' offer of sale had ever been accepted. There is some indirect evidence that the check was destroyed, but no evidence that it was or was not presented for payment, but the evidence shows that it was never paid by the bank on which it was drawn.

As was said in *Gunn* v. *Bank of California, supra,* "An agent authorized to sell real estate does not earn his commission by procuring a person to proceed so far as paying a part of the agreed price, but who entered into no obligatory contract of purchase." See *Hicks* v. *Christeson,* 174 Cal. 717, 718 [164 Pac. 395].

■ It is corroborated by judicial history that paragraph sixth of section 1624 of the Civil Code was enacted "to prevent the assertion of false claims for compensation by

brokers and agents against owners of real estate, which could be done with facility under the former rule." (*Toomey* v. *Dunphy*, 86 Cal. 639, 642 [25 Pac. 130].)

When a law has been enacted for the purpose of protection against the assertion of unfounded claims, it should be so construed as to effect the object of the enactment. The cases of *Patterson* v. *Torrey*, 18 Cal. App. 346 [122 Pac. 224]; *Irwin* v. *Klimper*, 56 Cal. App. 434 [205 Pac. 714]; *Gunn* v. *Bank of California, supra; Lindley* v. *Fay*, 119 Cal. 239 [51 Pac. 333]; *Mattingly* v. *Pennie*, 105 Cal. 514 [45 Am. St. Rep. 817, 39 Pac. 200], lend support to both of appellant's contentions.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.