[Civ. No. 856. Fourth Appellate District.—June 25, 1931.]

HOWARD CORVIN et al., Respondents, v. SMEAD IN-
VESTMENT COMPANY (a Corporation) et al., Appel-
lants.

Raphael Dechter for Appellants.

William Lewis for Respondents.

MARKS, J.—Respondents brought their action against appellants for $2,000 alleged to be due them as a real estate commission on an exchange of appellants' property effected through their agency. The answer of appellants denied generally the allegations of the complaint. It contained a special defense of fraud on the part of respondents in the execution of an agreement whereby appellants promised to pay them a commission of $2,000, and a further defense of the statute of frauds. The trial court gave judgment in favor of respondents in the sum of $2,000, from which appellants have prosecuted this appeal.

The evidence shows that appellants were copartners doing business under the firm name of the Union Realty Company and as such had a broker's license issued to them by the real estate commissioner of the state of California for the year 1927. They employed E. C. Adams as a salesman, who was licensed as such by the real estate commissioner.

Some weeks prior to August 23, 1927, Adams contacted C. R. Smead, and was employed by him to effect a sale or exchange of appellants' property, for which services Smead orally agreed to pay a commission of $2,000. Adams brought Smead and William D. House together in an effort to effect an exchange of their properties. He left on his vacation on August 15, 1927, and turned the consummation of the exchange over to Howard Corvin, one of his employers and one of the respondents. Smead repeated to Corvin his oral promise to pay the $2,000 commission. Corvin succeeded in bringing Smead and House together and effected an exchange of their properties. On August 23, 1927, appellants and House signed a written agreement of exchange, which was prepared by Corvin. Smead signed his own name and that of the Smead Investment Company to this agreement of exchange. Its closing paragraphs are as follows:

"And I further agree to pay the Union Realty Co., Two Thousand and XX/100 Dollars commission for said exchange.

"Dated at Los Angeles, this 23rd day of August, 1927,

"SMEAD INVESTMENT CO.

"C. R. SMEAD."

The actual exchange was consummated and titles to the properties passed about September 23, 1927, and appellants refused to pay any commission to respondents.

A number of the grounds upon which appellants seek to obtain a reversal of the judgment can be considered under their contention that the evidence is insufficient to support the findings and judgment.

■ They first urge that there is no evidence of the due execution of the contract of August 23, 1927, by the Smead Investment Company. The complaint is verified and has attached to it as an exhibit a true copy of this contract. The answer of appellants does not deny the genuineness and due execution of this contract, which facts are therefore admitted by them under the provisions of section 447 of the Code of Civil Procedure. (*Cutten* v. *Pearsall*, 146 Cal. 690 [81 Pac. 25].)

■ They next urge that there is no evidence of any written authorization to appellants to effect the exchange of their properties and no sufficient written promise to pay the commission. The evidence discloses the verbal employment of the agents and a verbal promise to pay the commission as well as the written promise contained in the contract of August 23, 1927. Such promises have been held sufficient to support a judgment of this nature. (*Coulter* v. *Howard*, 203 Cal. 17 [262 Pac. 751]; *Johnson* v. *Krier*, 59 Cal. App. 330 [210 Pac. 966].)

■ Appellants next urge that the evidence submitted in support of their defense of fraud should have been accepted and adopted by the trial court as true. This evidence was flatly contradicted by the testimony of Corvin and the court found in accordance therewith. At best this created merely a conflict in the evidence which was resolved in favor of respondent by the trial court and furnishes no ground for a reversal of the judgment here.

■ Appellants next urge that there is no sufficient evidence that the respondents were licensed by the state of California as real estate brokers. Respondent Corvin, while on the witness-stand, was asked if respondents were so licensed. After he had answered this question, in the affirmative, appellants' counsel objected to the question, which objection was overruled. No motion was made to strike out the answer given. The evidence of their being so licensed

was thus before the court prior to an objection and could have been considered by the trial court. Furthermore, appellants admit that respondents were duly licensed brokers from January 1 to September 1, 1927.

 Appellants further urge that respondents were not licensed as real estate brokers at the time the exchange of properties was finally consummated on or about September 23, 1927. The evidence discloses that on or about September 1, 1927, they filed with the real estate commissioner a request to have their broker's license canceled because Archie W. Conrad was withdrawing from the partnership. This request bears upon its face the word ''cancelled'' stamped thereon by the real estate commissioner. No date of the actual cancellation of the license appears in the record. A new broker's license to Howard Corvin, doing business under the name of Union Realty Company, was issued on October 5, 1927. The trial court found that respondents were licensed real estate brokers during the year 1927, until the consummation of the exchange of properties between Smead Investment Company, Smead and House. This finding is sufficiently supported by the evidence which shows that respondents were granted a license as real estate brokers for the calendar year of 1927, and fails to show that such license was canceled prior to the consummation of the exchange of properties. ''A thing once proved to exist continues as long as is usual with things of that nature.'' (Sec. 1963, subd. 32, Code Civ. Proc.) Furthermore, section 20 of the Real Estate Brokers' Act (Stats. 1919, pp. 1252, 1259) requires the brokers to be licensed at the time the alleged cause of action arose. The contract of August 23, 1927, signed by appellants, contained a definite promise to pay respondents the commission for the exchange without any provision that the payment be made after the transaction was consummated and the exchange completed. The evidence discloses that Smead and House took the matter of completing the exchange into their own hands after the signing of the exchange agreement. They went to their own banks, which were created escrow-holders by them, and did not call upon respondents to do anything more in connection with the transaction.

Under the circumstances of this case, respondents' obligations were fully completed on August 23, 1927, when the

valid contract of exchange was executed by appellants and House followed by an actual exchange completed by themselves. Respondents' commission was earned at the time of the execution of the contract of exchange and at that time they were admittedly duly licensed real estate brokers.

Judgment affirmed.

Barnard, P. J., and Griffin, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 13, 1931.