[Civ. No. 10704.   First Appellate District, Division One.—January 31, 1939.]

GEORGE E. MORRILL, Appellant, v. LIONEL T. BARNE-SON, Respondent.

Richard A. Dunnigan for Appellant.

Pillsbury, Madison & Sutro, Eugene M. Prince and Harold I. Boucher for Respondent.

TYLER, P. J.—Action by plaintiff, appellant herein, to recover a real estate broker's commission for the sale of land under the provisions of a certain writing signed by defendant, respondent herein.

The complaint alleges two counts: The first is based upon the writing, the second upon a *quantum meruit* for the reasonable value of the service rendered to the defendant at his special instance and request in writing. Defendant interposed a general demurrer to the complaint which was sustained by the court without leave to amend. Judgment of dismissal followed, from which this appeal is taken. The only question involved in the appeal is, does the complaint state a cause of action.

The instrument relied upon is in the form of a letter, which reads as follows: "256 Montgomery Street San Francisco, California July 29, 1936 Mr. George E. Morrill 116 Hamlet Street Los Angeles, California Dear Sir: Answering your recent inquiry at my brother's office in Los Angeles concerning the sale of Bailey Ranch, following is the information requested. The ranch consists of approximately 3800 acres. The elevation in general is about 3500 feet, and does not extend into the desert. A copy of the legal description is enclosed, and I think the foreman has a plat at the ranch,

which can be seen. Price $50,000, including between 500 and 600 head of cattle. Terms $30,000.00 cash, balance payable $5,000.00 annually, with interest at 6%. The regular 5% commission will be paid. The foreman of the ranch is Mr. Ed Rutledge, and he will show the place. Very truly yours, (signed) Lionel T. Barneson.'' Attached to and made a part of the aforesaid memorandum was the description of the real estate.

The complaint alleges the procurment by plaintiff of a purchaser, ready, willing and able to buy the property; that the plaintiff caused the purchaser and the defendant to be brought together; that the property was sold through plaintiff's efforts for the sum of $50,000, and concludes with a prayer for $2500, being 5 per cent, the agreed commission to be paid for the sale of the land. Appellant contends that the memorandum is a sufficient compliance with subdivision 5 of section 1624 of the Civil Code, and shows that he was authorized and employed to sell the property upon the terms and for the brokerage commission therein recited.

We cannot agree with the plaintiff in his contention. The letter relied upon contains no terms of employment; it was simply an answer to an inquiry concerning the property. The expression in the letter "The regular 5% commission will be paid.'' was nothing more than additional information concerning the terms of sale and informed the broker of the exact amount for which the property could be purchased. That the letter did not constitute an employment is well established by the authorities.

In *Heyman* v. *Stopper*, 85 N. J. L. 128 [88 Atl. 946], the court held the following writing handed to a broker by the owner of the property and relating expressly to commission, did not constitute an employment: " 'February 23, 1912. This is to certify that I will pay two and one-half per centum (2½%) commission on the sale of the property, No. 53 South Orange Avenue, Newark.' '', the court stating: "I find no authority in it for selling or exchanging this land or authorizing its sale, nor is the authority of any broker or real estate agent recognized by it. There is, in my opinion, no written authority for any broker to sell the land.''

In *Egan* v. *Pacific Southwest Trust & Sav. Bank*, 92 Cal. App. 1 [267 Pac. 719], plaintiff relied upon the following written instruments: " 'L. A., Cal., Sept. 1, 1923. Received of Mrs. E. S. Egan $500.00 (five hundred dollars) deposit on

flats 3804–3806 Wall St. Price to be $11,000.00 (eleven thousand dollars). Rose E. Davis.' 'L. A., Cal. 1, 1923. I agree to sell flats located at 3806–3804 Wall St. Price to be $11,000.00 (eleven thousand dollars). $10,000.00 (ten thousand dollars) net to me. $1,000.00 (one thousand dollars) for Mrs. E. S. Egan, less escrow charges. Agreed $3500.00 (thirty-five hundred dollars) down. $7500.00 (seventy-five hundred dollars) first mortgage at 7% for three years. Rose E. Davis.' '' Mrs. Egan brought suit, contending the writings constituted an employment to sell the property. It will be noted that the writing specified ''$1,000.00 (one thousand dollars) for Mrs. E. S. Egan, less escrow charges'', which language was much stronger for the alleged broker than anything in the present case. The court held, however, that there was no employment of plaintiff, and denied recovery for the reason that the writings above set forth did not authorize plaintiff to act for said Rose Davis.

Again in *Kleinsorge & Heilbron* v. *Liness*, 17 Cal. App. 534 [120 Pac. 444], the plaintiffs were brokers, and defendant delivered the following writing to their agent: '' 'I hereby agree to sell my property described as follows, to-wit: The east 20 feet of Lot 1, in the block or square bounded by L and M, 8th and 9th streets, City of Sacramento, . . . for the sum of eighty-four hundred dollars ($8400). The payments are to be made as follows: The first payment is to be made on or before August 3rd, 1909, and is to be five hundred dollars. All other payments are to be made once a month, $50.00 per month is to be paid from the date of the first payment, together with interest at the rate of 6 per cent, on the deferred payments. At the end of one year and one-half from the date of this agreement, the sum of $5,000.00 should be paid on the purchase price of the property. Dated: July 24th, 1909, at Sacramento, Cal. (Signed) Wm. N. Liness. For Owner.' '' The plaintiffs brought an action for commission. In holding the writing insufficient to constitute an employment, the court said: ''It will be noted, by an inspection of the instrument under which plaintiffs sought to sell the property, that said writing, while clearly enough disclosing a willingness on the part of the defendant to sell the property to someone upon certain specified terms, does not specifically or by express language authorize plaintiffs or any other particular person to sell or negotiate the sale of said property.'' The court further

said: "In the case at bar, as we have shown and as is clear from the writing itself upon which plaintiffs rely for a recovery, there is absolutely no language used therein expressly or specifically employing plaintiffs to sell the property described in said writing. Indeed, as before suggested, there is nothing in the writing authorizing any person to sell the property. As already stated, the language of the writing is sufficient to support the inference that the defendant was willing to sell the property upon the terms specified in said writing, but the language falls far short of warranting the inference that the sale, if in point of fact one was contemplated or intended, was to be effected through the intervention of a broker or any other third party. Indeed, so far as the writing itself shows to the contrary, the proposition contained therein might have been directly submitted by the defendant himself to an intending purchaser."

In *Patterson* v. *Torrey*, 18 Cal. App. 346, 348 [123 Pac. 224], where a writing stating the terms of sale had been given to the plaintiff, the court, in denying recovery of commission said: "While the court finds that the instrument was made and delivered by the defendant 'for the purpose of authorizing the plaintiff, as such real estate broker, to make such sale and exchange of said property of defendant with said Charles H. McFarland, for commission, on the terms and price specified by defendant', nevertheless, such purpose is wholly inconsistent with the plain import of the language used by the parties. The naked act of an owner of real estate in fixing a price at which he is willing to sell or exchange the same, given in writing at the request of a broker, does not constitute an employment of such broker by the owner, or bind him to pay the broker a commission for making a sale of the property."

Several cases have been cited to us by appellant, but it is not necessary to review the same. The cases expressly request the agent to get an offer. It is well settled that a memorandum to be sufficient under the Statute of Frauds must show an authority to act, i. e., authority to negotiate a sale on defendant's behalf. If such authority appears, then the identity of the agent, and even the agreement to pay him, may be shown by parol, but if such authority does not appear, the writing is fatally defective as appears from the foregoing cited cases. (See, also, *Toomy* v. *Dunphy*, 86 Cal. 639 [25 Pac. 130].)

Plaintiff argues as though the only question here involved is the sufficiency of the letter as a memorandum under the Statute of Frauds; assuming the first question in dispute, i. e., whether there was an employment. Clearly a contract of employment and a memorandum thereof are two distinct things. They may both appear in the same instrument if, as is alleged in the present case, the instrument is the contract. But if the instrument fails to show employment, there can be no recovery upon it, even apart from the Statute of Frauds. On the other hand, if there is an employment, then the memorandum which is not in itself complete or sufficient as a contract, may satisfy the Statute of Frauds, if and provided it shows authority to act for the owner in closing a sale.

In *Moore* v. *Borgfeldt*, 96 Cal. App. 306, 311 [273 Pac. 1114], it is said: "As we have pointed out, the writing need not be a complete contract, but only a note or memorandum, provided it shows authority to act. When this requirement is met in connection with a definite piece of property, the other terms may be shown by parol. The amount of compensation, and even the agreement to pay a commission, may be so shown."

The plaintiff must show that the owner has in writing recognized someone as his agent. This is necessary to satisfy the statute of frauds. Further than this, and independently of the statute, the plaintiff must show an employment of plaintiff either by the writing or by other competent evidence. In the present case the complaint is doubly insufficient because the letter relied upon by plaintiff recognizes no one as defendant's agent, shows no authority in anyone to negotiate a sale on defendant's behalf and is, therefore, insufficient under the statute of frauds; and further, because the letter which is alleged to be the employment contract shows neither an employment nor an employment of plaintiff.

The judgment is affirmed.

Knight, J., and Ward, J., concurred.