[Civ. No. 15802. Second Dist., Div. Two. June 13, 1947.]

HARRY N. HERZOG, Respondent, v. SAM BLATT,
Appellant.

Henry Haves and Julian H. Weiss for Appellant.

Benjamin J. Goodman and Byron Schwartz for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a real estate broker's commission, defendant appeals.

### Statement of Facts

For some time prior to January 12, 1945, defendant, Sam Blatt, was the owner of an apartment building located at 456 South Cochran Avenue, Los Angeles. Plaintiff was at all times herein mentioned a duly licensed real estate broker. On or about January 6, 1945, Miss Fraser, a real estate agent in the employ of plaintiff, called on Mr. Blatt and requested a listing of the aforementioned apartment house. The details relative to the property were discussed, but defendant Blatt refused to sign a listing, or any other agreement or memorandum.

On January 12, 1945, shortly after noon, plaintiff went to defendant Blatt's home with two copies of an offer to purchase the apartment house for the sum of $85,000. The offer was signed by Ray Radin. This offer was accompanied by a check in the sum of $1,000. Defendant refused to sign an acceptance of the offer unless plaintiff agreed to limit his commission to $1,000. This plaintiff refused to do. Plaintiff requested an additional twenty-four hours to obtain a higher bid from the prospective purchaser. In compliance with this request defendant, on the reverse side of one of the printed forms, wrote in his own handwriting the following:

"I will take 8400. net for 456 So. Cochran this is good until January 13 at 6 o'clock I will accept 25000 cash and ballance 16500 a second mortgage at 6% payable 200 dollars a month. The Second mortgage will expair 2 year from date.

"Sam Blatt."

Plaintiff thereafter took with him both copies of the offer and the check.

On the following day about 12 o'clock noon, two real estate brokers, named Jack London and Erich Blumenthal, called on defendant and inquired about the sale of his apartment house. Defendant informed them that he could not entertain any offers until after 6 p. m. of that day. Shortly after 6 p. m. of January 13, 1945, Jack London returned to the home

of defendant accompanied by Mr. Radin, the person who had signed the offer which had previously been submitted to defendant. About 6:30 p. m. on the same day an agreement was reached between defendant and Mr. Radin for the sale of the property for the sum of $85,000 and a check in the sum of $1,000 was given as partial payment of the purchase price. Thereafter the transaction was completed and a commission of $1,000 was paid to Messrs. London and Blumenthal.

After plaintiff left defendant's home on January 12, 1945, he did not prior to 6 o'clock p. m. of January 13, 1945, communicate with defendant.

## QUESTION FOR DETERMINATION

*Was there a sufficient memorandum signed by defendant to meet the requirements of subsection 5, section 1624 of the Civil Code, which provides that an agreement, authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission, is invalid unless the same or some note or memorandum thereof is in writing, and subscribed by the party to be charged or by his agent?*

This question must be answered in the negative. The rule is established that in a suit by a broker to recover a real estate commission in order to show compliance with the requirements of section 1624, subdivision 5 of the Civil Code, the writing, signed by the party to be charged or his agent, must unequivocally show on its face the fact of employment of the broker, that is, it must show an authority to act or negotiate a sale of the property for the owner. (*Kleinsorge & Heilbron* v. *Liness,* 17 Cal.App. 534, 535 et seq. [120 P. 444]; *Morrill* v. *Barneson,* 30 Cal.App.2d 598, 603 [86 P.2d 924].)

Applying this rule to the facts in the instant case the memorandum signed by defendant constituted merely an offer to sell his property on certain terms and conditions if the offer was accepted within the time specified in the writing. It is devoid of any showing that plaintiff was authorized to sell the property, negotiate a sale of the property on behalf of defendant, or employed to sell the property. The facts are analogous to those in *Kleinsorge & Heilbron* v. *Liness, supra,* and the principle of law is identical. In the cited case the court held the memorandum insufficient to meet the requirements of the statute of frauds, and held that the broker was not entitled to recover a commission. Therefore the trial court improperly entered judgment in favor of plaintiff.

*Corvin* v. *Smead Inv. Co.,* 115 Cal.App. 175 [1 P.2d 507], and *Coulter* v. *Howard,* 203 Cal. 17 [262 P. 751], are inapplicable to the facts of the present case because in such cases the question before the court was the sufficiency of a memorandum conceded to meet the requirements of the statute of frauds but executed subsequent to full performance by the broker of the service for which he sought his commission. This question is, of course, not involved in the present case.

Neither is *Moore* v. *Borgfeldt,* 96 Cal.App. 306 [273 P. 1114], here in point since in such case the memorandum provided, "Commission all over and in excess of the above amount," and also expressly committed the seller to accept in exchange a specific piece of property named in the memorandum and owned by the broker's customer. The court there held that from these facts the memorandum on its face showed the employment of the broker to sell defendant's property. No such facts appear in the present case.

 There is likewise no merit in plaintiff's contention that defendant is estopped to plead the statute of frauds by reason of an alleged oral agreement to employ plaintiff and the fact that defendant actually sold his property to plaintiff's customer. The rule is established in California that an estoppel to plead the statute of frauds cannot be predicated upon the seller's refusal to comply with an oral promise to pay a commission. (*Sweeley* v. *Gordon,* 47 Cal.App.2d 381, 384 [118 P.2d 14] ; *Hicks* v. *Post,* 154 Cal. 22, 28 [96 P. 878] ; *Edwards* v. *Laird,* 22 Cal.App. 398, 402 [134 P. 365].)

 Neither is there any merit in plaintiff's contention that the contract was fully performed on the part of plaintiff by defendant's sale to plaintiff's customer, and that thereby the bar of the statute of frauds was removed. The law is settled that the procurement of a purchaser is not such performance as will entitle a broker to recover a commission in the absence of a compliance with the requirements of subdivision 5, section 1624 of the Civil Code. (See *Crawford* v. *Kennedy,* 64 Cal.App. 719 [222 P. 644] ; *Sweeley* v. *Gordon, supra.*)

*Needham* v. *Abbot Kinney Co.,* 217 Cal. 72 [17 P.2d 109] ; *Vierra* v. *Pereira,* 12 Cal.2d 629 [86 P.2d 816] ; *Fleming* v. *Dolfin,* 214 Cal. 269 [4 P.2d 776, 78 A.L.R. 585] ; *Brenneman* v. *Lane,* 87 Cal.App. 414 [262 P. 400] ; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154], are factually distinguishable from the present case and therefore not here in point.

█ Finally, plaintiff's proposition that this court may not substitute its interpretation of a written memorandum for that of the trial court where the memorandum is susceptible of either of two inferences is clearly not involved in the present case for the reason that the memorandum signed by defendant is clear and unambiguous and susceptible of only one interpretation.

Judgment reversed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied July 2, 1947, and respondent's petition for a hearing by the Supreme Court was denied August 7, 1947. Carter, J., voted for a hearing.