[Civ. No. 16785. Second Dist., Div. Two. June 7, 1949.]

BESSIE E. BLANCHARD, Appellant, v. EDWIN W. PAULEY, Respondent.

Michael F. Shannon and Thomas A. Wood for Appellant.

Orris R. Hedges for Respondent.

WILSON, J.—This is an action to recover for services rendered in connection with the sale of real property. From a judgment in favor of defendant after the sustaining of a demurrer without leave to amend, plaintiff appeals.

The sole question for us to determine is whether plaintiff's cause of action is barred by subdivision 5 of section 1624 of the Civil Code.*

The material allegations of the complaint are as follows: That plaintiff, a licensed real estate broker, was employed orally by defendant in August of 1946 in connection with the sale or exchange of real property owned by defendant; plaintiff submitted for defendant's consideration the exchange of the latter's property for property owned by one Charles K.

---

*Civil Code, section 1624: ''The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 5. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission; . . .''

Huthsing; on September 11, 1946, plaintiff wrote defendant as follows:

"Dear Mr. Pauley:

"I am enclosing herewith an exclusive sales authorization for your signature. I want to have the cooperation of other brokers in the sale of your house and for this reason it is necessary that I have the exclusive.

"I am advertising your property this week-end in hopes of starting the ball a rolling and still feel that it would be smart to make Mr. Huthsing an offer on the Sunset house while things are down, for the minute the market starts up again, he will become a tough customer.

"If you will call me upon receipt of this exclusive listing, I shall drop by and pick up same.

"Very truly yours,
Bess Blanchard"

Thereafter conversations continued between plaintiff and defendant regarding the exchange of the two properties and on the ninth day of January, 1947, defendant "authorized plaintiff in writing" to submit to Huthsing for and on behalf of defendant a proposal of exchange which was signed by defendant and mailed to plaintiff, and which read as follows:

"Dear Mr. Hutshing:

"I offer to you my property, free of encumbrances and exclusive of household furnishings, at 9550 Heather Road, Beverly Hills, plus $60,000.00 in cash for your property, exclusive of household furnishings and free of encumbrances, at 9521 Sunset Boulevard, Beverly Hills.

"It is understood, of course, that if my offer is accepted by you, an escrow in the usual form and providing for proper instructions, title search and insurance, and any additional conditions or agreements between us will be entered into.

"This offer is good for ten days.

"Very truly yours,
Edwin W. Pauley"

Plaintiff delivered this letter to Huthsing, who on January 26, 1947, wrote to plaintiff with reference to defendant's offer; plaintiff and defendant continued to discuss the exchange of these properties until October, 1947, when plaintiff was advised by defendant's wife that defendant was not going to dispose of his property; thereafter defendant, without

plaintiff's knowledge, exchanged his property for the Huthsing property.

It is the contention of plaintiff that when considered with her letter of September 11, 1946, to defendant, the letter dated January 9, 1947, written by defendant to Huthsing and sent to plaintiff in an envelope addressed to her was an authorization in writing sufficient to comply with the requirements of subdivision 5 of section 1624 of the Civil Code. This contention is untenable. The rule is settled that in a suit by a broker to recover a real estate commission in order to show compliance with the statute the writing signed by the party to be charged or his agent must unequivocally show on its face the fact of employment of the broker; that is, it must show an authority to act or negotiate a sale of the property for the owner. (*Herzog* v. *Blatt*, 80 Cal.App.2d 340, 342 [180 P.2d 30]; *Morrill* v. *Barneson*, 30 Cal.App.2d 598, 603 [86 P.2d 924]; *Patterson* v. *Torrey*, 18 Cal.App. 346, 348 [123 P. 224]; *Kleinsorge & Heilbron* v. *Liness*, 17 Cal.App. 534, 536-7 [120 P. 444].)

The letter signed by defendant and addressed to Huthsing constituted merely an offer to the latter to exchange property on certain terms and conditions. There is nothing contained in the writing expressly or impliedly authorizing plaintiff or anyone else to sell or negotiate the sale or exchange of the property. Nor does plaintiff's letter to defendant or the fact that the offer to Huthsing was mailed to plaintiff in an envelope addressed to her confer any such authority. The cases are clear that there must be proof, in writing, of the employment. (*Toomy* v. *Dunphy*, 86 Cal. 639, 642 [25 P. 130]; *Morrill* v. *Barneson, supra*; *Kennedy* v. *Merickel*, 8 Cal.App. 378, 380 [97 P. 81].) As stated in *Patterson* v. *Torrey, supra*, ''The naked act of an owner of real estate in fixing a price at which he is willing to sell or exchange the same, given in writing at the request of a broker, does not constitute an employment of such broker by the owner, or bind him to pay the broker a commission for making a sale of the property.''

The cases cited by plaintiff do not support her contention. In *Toomy* v. *Dunphy, supra*, at page 640, there was a memorandum giving the plaintiff the authority to arrange the sale which was held to be a sufficient memorandum of employment although it did not specify the commission or compensation. In the case of *Moore* v. *Borgfeldt*, 96 Cal.App. 306 [273

P. 1114], it was held that the agreement to pay a commission contained in the memorandum implied an authority to act and the identity of the agent could be shown by parol. In *Kennedy* v. *Merickel* there was a letter addressed to the broker. In the instant case the writing was not addressed to plaintiff but to Huthsing. There was no mention of a commission or the employment of a broker. There was nothing addressed to plaintiff except the envelope which was of no more effect than if defendant had personally delivered to plaintiff the offer addressed to Huthsing. The case of *Searles* v. *Gonzalez,* 191 Cal. 426 [216 P. 1003, 28 A.L.R. 78], is not in point.

Judgment affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1949. Gibson, C. J., did not participate therein.

