[Civ. No. 17078. Second Dist., Div. Two. Oct. 5, 1949.]

J. G. COLBURN, Appellant, v. DAVID SESSIN et al., Respondents.

Lane & McGinnis for Appellant.

Snyder & Naiditch, Samuel Greenfield and Daniel A. Weber for Respondents.

WILSON, J.—Appeal from judgment in favor of defendants after the sustaining of a demurrer to plaintiff's complaint without leave to amend.

The action was brought by plaintiff, a licensed real estate broker, to recover a commission for the sale of real property made by defendants Sessin and Gutlin to defendants Winton. The facts alleged in the complaint are as follows: Defendants Sessin and Gutlin, owners of real property, entered into an oral agreement with plaintiff whereby his services were retained to obtain a purchaser ready, able and willing to purchase the property; the owners agreed to pay plaintiff 5 per cent of the sale price for his services in the event the property could be sold; the owners agreed that they would furnish plaintiff with a signed, written memorandum confirming the agreement; in reliance thereon he undertook to and did locate purchasers; he so informed the owners and submitted to them a proposed written memorandum of the broker's commission agreement and requested its execution; they assured him they would execute and deliver it but requested him to introduce them to the prospective purchasers so that the proposed transaction might proceed in the interim; relying on such representations plaintiff introduced the proposed purchasers to the owners; the latter had no intention of fulfilling their promise and made it only with the intention of causing plaintiff to disclose the identity of the purchasers; the owners failed to execute the memorandum for the payment of the commission and thereafter sold the property to defendants Winton who were the purchasers produced by plaintiff.

Defendants demurred to the complaint generally and on the ground that the alleged contract is void and unenforceable by reason of subdivision 5 of section 1624 of the Civil Code. Demurrers were sustained without leave to amend and judgment was entered in favor of defendants.

An agreement authorizing or employing a broker to pur-
chase or sell real estate for compensation or commission is
invalid unless the same or some note or memorandum thereof
is in writing and subscribed by the party to be charged or by
his agent. (Civ. Code, §1624, subd. 5; Code Civ. Proc., § 1973,
subd. 5; *Blanchard* v. *Pauley,* 92 Cal.App.2d 244, 247
[206 P.2d 864, 865]; *Marks* v. *Walter G. McCarty Corp.,* 33
Cal.2d 814, 819 [205 P.2d 1025, 1027].)

The pleaded facts do not, as plaintiff contends, bring the
case within an exception to the general rule. This action has
no similarity to *LeBlond* v. *Wolfe,* 83 Cal.App.2d 282 [188
P.2d 278], where the broker cancelled a contract with the
seller of real property upon the oral promise of the purchaser
that he would pay the commission. In that case the broker
changed his position to his own detriment by releasing the
sellers from any obligation to pay him a commission. Such
change of position created an equitable estoppel against the
purchaser from setting up the statute of frauds as a defense.
An examination of *Seymour* v. *Oelrichs,* 156 Cal. 782 [106
P. 88, 134 Am.St.Rep. 154], upon which plaintiff mainly re-
lies, will show that it does not support his position.

The instant case is similar to *Sweeley* v. *Gordon,* 47 Cal.
App.2d 381 [118 P.2d 14], and *White* v. *Hirschman,* 54 Cal.
App.2d 573 [129 P.2d 430], in each of which the broker re-
lied on an oral contract or an unsigned memorandum as his
authority to effect a sale, and in each action the broker was
denied recovery. In the White case the court held that where
the broker's commission agreement is unenforceable by rea-
son of the statute of frauds he is not entitled to enforce the
agreement indirectly by an action for the reasonable value
of time and money laid out for expenses and advertising
in attempting to effect the sale. In both cases and in *Hicks* v.
*Post,* 154 Cal. 22 [96 P. 878], it is well said that to allow a
broker to recover under circumstances alleged in the com-
plaint in the instant action would abrogate the statutory re-
quirement that authority to sell real property must be in
writing.

Plaintiff does not contend that the purchasers, respond-
ents Winton, agreed to pay a commission but apparently seeks
to hold them liable by reason of their purported connivance
with the sellers in frustrating plaintiff's recovery of compen-
sation for bringing the parties together. Such contention is
disposed of in a second case entitled *Sweeley* v. *Gordon,* 47
Cal.App.2d 385 [118 P.2d 16], where a conspiracy between

purchaser and seller was alleged. The court held (p. 387) that the seller had the legal right to stand upon the statute of frauds and the purchaser was not liable in damages to the plaintiff even if he did in fact induce the seller to assert nonliability by reason of the statute.

 In the instant case plaintiff did not change his position. He did not, as in the LeBlond case, yield a claim against one party to the transaction on the oral promise of another to pay a commission. The proceedings were initiated between plaintiff and the owners and the former, relying upon an invalid contract, brought the sellers and the purchasers together. Plaintiff was presumed to know it to be the law that oral contracts for a commission on the sale of real property are void and unenforceable. His plea of estoppel is made under circumstances similar to those in the White and Sweeley cases above cited and rejected by the court.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 24, 1949, and appellant's petition for a hearing by the Supreme Court was denied November 28, 1949.