[Civ. No. 6882. First Appellate District, Division One.—January 25, 1930.]

MRS. BELLE LISLE, Appellant, v. E. B. & A. L. STONE COMPANY (a Corporation), Respondent.

William V. Cowan and S. C. Wright for Appellant.

Donahue, Hynes & Hamlin for Respondent.

THE COURT.—The above action was for the recovery of a commission for the sale of certain property which plaintiff alleged was effected by her as a broker. This allegation was denied and the case was tried by the court without a jury. Judgment was ordered for defendant corporation and, findings having been waived, was entered accordingly.

The plaintiff, who has appealed, contends that the judgment is not supported by the evidence and that the defendant was shown to have been guilty of bad faith in the transaction.

Plaintiff's authority was evidenced by certain letters from the defendant corporation agreeing to pay her a commission for the sale of the property which consisted of several parcels of land in the city of Oakland. The authority to sell was exclusive for certain periods limited by the letters, which also specified the prices asked for the several parcels. By the terms of her contract plaintiff's authority expired on July 5, 1927, and the evidence shows that in August, 1927, a sale of the property was made by the defendants to the city of Oakland. The city was represented in the transaction by its port commission. According to the president

of that body, the plaintiff appeared before the commission at different times, but on no occasion did she offer the property at a definite price or fix a price for any of the parcels. According to this witness, the prices mentioned by her varied from time to time until finally the members of the commission, who knew the owner of the property and were familiar with it before they were approached by plaintiff, refused to negotiate further with her. The commission subsequently opened negotiations with the defendant, which led to the purchase of the property by the city.

The above, with the testimony of an officer of the corporation that the plaintiff on July 4, 1927, requested a further extension of her contract, supports the implied conclusion of the trial court that her efforts to effect a sale were fruitless; ■ and where, as here, her conduct was such as to reasonably justify the commission in refusing further negotiations with her, the further conclusion that she was not the procuring cause of the sale subsequently made was warranted by the evidence.

■ The plaintiff was not given the exclusive right to sell the property (*Snook* v. *Page,* 29 Cal. App. 246 [155 Pac. 107]; *California Land Security Co.* v. *Ritchie,* 40 Cal. App. 246 [180 Pac. 625]; *Faith* v. *Meisetschlager,* 45 Cal. App. 7 [187 Pac. 61]); ■ and the rule is well settled that to entitle an agent to a commission he must make a sale within the time limited by his contract of agency. If he fails to do so he is not entitled to the commission' even though he made efforts to sell and first caused the property to be called to the attention of the person who subsequently made the purchase, unless the delay was caused by the negligence, fault or fraud of the owner (*Zeimer* v. *Antisell,* 75 Cal. 509 [17 Pac. 642]; *Ropes* v. *John Rosenfeld's Sons,* 145 Cal. 671 [79 Pac. 354]).

■ As stated, the plaintiff contends that her failure to consummate the sale was due to the fraudulent conduct of the defendant. Such, however, was not the conclusion of the trial court, and we find nothing in the record the necessary effect of which would be to overcome the presumption that the defendant acted fairly and in good faith. On the contrary, testimony was introduced that there was no interference with plaintiff's activities or any attempt to influence the attitude of the commission toward her.

Lastly, it is urged that the court erroneously excluded certain testimony which tended to show that the sale was brought about by the plaintiff. While the trial court commented upon the possible effect of the offered testimony it was not excluded. The ruling of the court was as follows: "I don't know that it is very material but let us see what it is," whereupon the question designed to elicit such testimony was withdrawn by the plaintiff.

The judgment is supported by the evidence and no error appears which in our opinion warrants the conclusion that the result was a miscarriage of justice.

The judgment is affirmed.