[Civ. No. 13078.   Second Dist., Div. Two.   Oct. 20, 1941.]

C. E. SWEELEY, Appellant, v. SAMUEL E. GORDON, Respondent.

W. W. Comstock for Appellant.

Harry J. Miller for Respondent.

WOOD, J.—Plaintiff, a real estate broker, commenced this action against Samuel E. Gordon and Louis Neubeiser to recover a sum alleged to be due him as commission for the sale of an apartment house owned by defendant Gordon. Each defendant filed a demurrer and both demurrers were

sustained without leave to amend. Plaintiff has filed separate appeals from the judgments of dismissal. Mr. Gordon will hereinafter be referred to as defendant. The appeal from the judgment in favor of Mr. Neubeiser is disposed of by a separate opinion this day filed.

From the allegations of the complaint it appears that on or about June 7, 1940, defendant gave to plaintiff an unsigned written memorandum showing that his apartment house was for sale, giving its location, description and other items, and stated that the memorandum had been distributed among other real estate brokers with the understanding that it should be a "written employment" and that he would pay to any broker to whom such memorandum was delivered the regular commission for the sale of the property; that defendant authorized plaintiff to sell the apartment house for a total price of $68,500, stating that he would pay a commission of $3,425 in case of sale; that thereafter plaintiff notified defendant that he intended to expend considerable money advertising the property in an effort to sell it and defendant stated to plaintiff, "that is fine, go ahead and do what you can to sell it and I will pay you the regular Los Angeles Realty Board commission"; that as a result of this conversation and relying thereon and on the written memorandum plaintiff incurred great expense advertising the property for sale and devoted a large part of his time in an effort to find a purchaser and showed the property to various parties; that plaintiff notified defendant of his activities and was again told by defendant to "go ahead" and sell the property and again promised to pay a commission in case of sale; that plaintiff "produced" Louis Neubeiser as a purchaser and so informed defendant; that thereafter defendant and Neubeiser entered into a conspiracy whereby Neubeiser should buy the property "without the knowledge of plaintiff for the purpose of depriving plaintiff of any profit or commission"; that on August 23, 1940, defendant and Neubeiser entered into an agreement whereby the property was sold to Neubeiser for the sum of $66,000. It is further alleged that plaintiff was led to change his position and that the conduct of defendants "amounted to a representation that defendants would stand by their agreement and not avail themselves of the Statute of Frauds, and relying on said representations plaintiff was induced to refrain from obtaining a more formal agreement."

The judgment of the lower court was based upon subdivision 5 of section 1624 of the Civil Code, which provides that an agreement employing a broker to sell real estate for compensation is invalid unless in writing subscribed by the party to be charged. It is conceded that Gordon did not sign any authorization employing plaintiff to sell the property but it is argued by plaintiff that since Gordon knew of plaintiff's activities, orally promised him to pay the commission and accepted the fruits of his labor, he is now estopped from taking advantage of the statute of frauds.

The issue presented by plaintiff has been before the reviewing courts of California in a number of analogous situations and in each instance the decision has been adverse to the plaintiff's contention. In *Patterson* v. *Torrey*, 18 Cal. App. 346 [123 Pac. 224], the defendant had unsuccessfully attempted to negotiate an exchange of property with one McFarland. He thereupon gave to the plaintiff a signed memorandum of the terms upon which he was willing to make the exchange and requested the plaintiff to see McFarland in regard to making the exchange. The plaintiff saw McFarland and procured from him an acceptance of the offer made by the defendant and the exchange was consummated. The trial court gave judgment for the plaintiff for his commission but the judgment was reversed, the reviewing court holding that the instrument given by the defendant to the plaintiff did not constitute an employment of the plaintiff which bound him to pay a commission. In *Hicks* v. *Post*, 154 Cal. 22 [96 Pac. 878], Post held an authorization in writing signed by Hicks by which Post was given the "exclusive handling, subdividing and sale" of certain real property. The authorization was dated March 3, 1903, for two years "and for such further time as may be agreed upon at the end of the said two years." After the end of two years Hicks served written notice on Post declaring the agreement of March 3, 1903, to be at an end. Post claimed that before March 3, 1905, the plaintiff had orally agreed to an extension of the authority and that he had expended a considerable amount of money in furtherance of his agency. Although the matter came before the court on a suit by Hicks to quiet his title against the claim of Post to an interest in the property, the question whether the written authority

of an agent could be extended by oral agreement was before the court because of the contention that Hicks was estopped to deny that the contract continued in force after March 3, 1905. The ruling of the trial court in excluding evidence offered to show that the plaintiff had orally agreed upon an extension of the contract was upheld by the reviewing court in an opinion by Mr. Justice Sloss in which it is said: "The fact that, acting under an invalid agreement, he made efforts to find purchasers, cannot, of course, operate to prevent the other party from asserting the invalidity of the contract. To hold the contrary would be to abrogate the statute of frauds." A situation involving the same principle was presented in *McRae* v. *Ross,* 170 Cal. 74 [148 Pac. 215], a case in which it was claimed that three of the defendants had authorized their brother, a fourth defendant, to act for them in employing the plaintiff, the authorization not being in writing. The court held that there was no ground for the contention that the allegations raised an estoppel and remarked: "To so hold would destroy the statutory requirement that authority to sell real property must be in writing."

The only claim now made by plaintiff is that the judgment should be reversed under the doctrine of estoppel. A plea of this kind is directed to the equity power of the court. Plaintiff is a real estate broker and as such is presumed to know that contracts made by brokers for commissions for the sale of real estate are declared to be invalid by the code and are unenforceable in the courts unless they are put in writing and subscribed by the owners of the property. He nevertheless failed to secure proper written authorization but relied upon the oral promise of defendant. The equitable powers of the court may not be invoked by one in his position. Subdivision 5 of section 1624 was placed in the Civil Code for the protection of owners of real estate and also for the protection of real estate brokers. As pointed out in *Hicks* v. *Post, supra,* a ruling that plaintiff could recover under the allegations of his complaint would be tantamount to an abrogation of the section of the statute of frauds applicable to sales of real estate by brokers.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 12, 1941, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1941.