[Civ. No. 12125. First Dist., Div. Two. Sept. 29, 1942.]

WILLARD WHITE et al., Appellants, v. HYMAN HIRSCH-
MAN et al., Respondents.

Marvin C. Hix for Appellants.

H. S. Henion for Respondents.

NOURSE, P. J.—Plaintiffs, as copartners doing business as
real estate brokers, sued defendants upon an oral contract to
pay a broker's commission. A demurrer to their third amended
complaint having been sustained, judgment went for defend-
ants from which the appeal is taken.

The complaint pleads that the contract of employment was
not in writing, but to avoid the statute of frauds requiring
such contracts to be in writing (§ 1624, subd. 5, Civ.
Code) seven separate sets of circumstances are pleaded by
way of estoppel against defendants' anticipated plea of the
statute. These are the oral promise to pay the commission,

payment for similar services under previous oral contracts, a mutual relation of trust and confidence because of these prior transactions, plaintiffs' belief induced by this prior conduct that the statute would not be invoked, reliance, injury, and defendants' knowledge of all these circumstances.

The demurrer to the complaint was sustained upon the sound principle that the express provisions of the statute cannot be avoided by excuses such as those pleaded. To hold that the buyer is estopped to rely on the statute because of similar transactions in the past or because the broker relied upon these oral promises to his injury would be to abrogate the statute of frauds. The conduct of the defendants pleaded here has no greater weight than if repeated oral promises were made to pay under the same contract. The allegation that a relation of trust and confidence existed between the parties by reason of a general agency merely pleads the common relation between principal and agent. The reliance of the plaintiffs upon defendants' oral promises is the natural result of any contractual relation, whether based upon an oral or written contract.

A case closely parallel in its facts is *Sweeley* v. *Gordon,* 47 Cal. App. (2d) 381 [118 P. (2d) 14], except that in the case cited the broker actually produced a buyer and a sale was made to him. In that case a demurrer was sustained to a complaint which pleaded similar circumstances as estopping the owner from pleading the statute of frauds. In affirming the judgment the court said (p. 384): ''The only claim now made by plaintiff is that the judgment should be reversed under the doctrine of estoppel. A plea of this kind is directed to the equity power of the court. Plaintiff is a real estate broker and as such is presumed to know that contracts made by brokers for commissions for the sale of real estate are declared to be invalid by the code and are unenforceable in the courts unless they are put in writing and subscribed by the owners of the property. He nevertheless failed to secure proper written authorization but relied upon the oral promise of defendant. The equitable powers of the court may not be invoked by one in his position. Subdivision 5 of section 1624 was placed in the Civil Code for the protection of owners of real estate and also for the protection of real estate brokers. As pointed out in *Hicks* v. *Post, supra,* [154 Cal. 22 (96 Pac. 878)], a ruling that plaintiff could recover under the allegations of his complaint would be tantamount to an abrogation

of the section of the statute of frauds applicable to sales of real estate by brokers.''

Appellants present as their second ground for reversal the question whether the court had jurisdiction over the second cause of action pleaded for expenses and advertising under the oral contract if it is assumed that the demurrer was properly sustained as to the first cause pleaded. The record does not show the grounds upon which the demurrer was sustained, but we may assume, since it was both general and special raising the bar of the statute, that it was sustained on one or both of those grounds. The complaint does not allege any contract with the buyers authorizing such expenditures or any agreement to reimburse appellants—other than the oral contract to pay a broker's commission pleaded in the first cause of action. It would seem manifest that if this contract was unenforceable because of the statute of frauds no part of it could be enforced indirectly by a suit for the reasonable value of time or money laid out under the contract.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.