[Civ. No. 13778.   First Dist., Div. Two.   Oct. 26, 1948.]

FREDERICK J. YOUNG, Appellant, v. THE BANK OF CALIFORNIA (a Corporation) et al., Respondents.

Carl E. Day for Appellant.

Pillsbury, Madison & Sutro, Maurice D. L. Fuller, Francis N. Marshall, Samuel L. Wright, Wm. S. Boyd, Jr., and Boccardo & Williams for Respondents.

NOURSE, P. J.—Plaintiff appeals from an order of nonsuit to his action for commissions as a real estate broker. The order was granted on the ground that the cause of action fell within the statute of frauds. (Civ. Code, § 1624, subd. 5.)

The defendant Colusa Development Company owned the "O Sullivan Orchard" located in Colusa County in which the defendant bank was beneficiary under a deed of trust. One Martin, who was not a licensed broker, learned that the land was for sale and informed the secretary of the corporation that he knew someone who might be interested. Martin then told plaintiff Young that one Di Napoli might be interested and Martin gave this information to Moores, an officer of the defendant bank. Martin brought Di Napoli (the subsequent buyer) to Moores and at the same time introduced him to plaintiff. Young asked for an exclusive contract in writing but was told that the bank never gave an exclusive contract, nor one in writing. He testified that Moores then assured him that his commission was safe and would be paid notwithstanding the absence of a written contract.

When Di Napoli met Moores he said he was interested but that he would insist on purchasing the property separately—$57,500 for the crop and $67,500 for the land, in order to comply with the federal regulations covering the payment of income taxes on capital gains as distinguished from income. Some time later he took his own broker to Colusa and completed the purchase without any aid from plaintiff. The regular commission was paid to the latter broker at the time of

the sale. Plaintiff tried on several occasions to contact Di Napoli but the latter avoided him.

Appellant combats the bar of the statute of frauds on these two grounds: (1) that respondents are estopped to raise the bar, and (2) full performance by appellant and acceptance of the benefits by respondents. Appellant also contends that he should at least be compensated for the sale of the personalty as that did not come under the bar of the statute.

■ (1) An estoppel is an equitable defense when a party has deliberately led another to believe that a particular thing is true and to act upon such belief to his detriment. (Code Civ. Proc., § 1962, subd. 3.) ■ There can be no estoppel when the party against whom the defense is invoked has plainly caused the other to believe that the "particular thing" relied on is not true and that he acts at his own risk. ■ Here the undisputed evidence is that appellant was told by the agent of the bank that the owner would under no circumstances give him a written contract or an exclusive agency. The appellant relies on the agent's statement: "There's nobody else working on this property at the present time, and it seems to me you can go ahead. . . . you are safe enough, you are protected enough on it." If this language is sufficient to invoke an estoppel in face of the statute of frauds then any oral contract for the sale of realty permits recovery of a commission. The definite purpose of these statutes is to require such contracts to be made in writing with a duly licensed broker and to hold that an owner is estopped to rely on the law merely because he has made an oral contract contrary to the law would simply abrogate the statute. The same question was before us in *White* v. *Hirschman,* 54 Cal.App.2d 573, 574 [129 P.2d 430], where an appeal from an order sustaining a demurrer to a complaint pleading the same facts as a ground for estoppel we said that "The conduct of the defendants pleaded here has no greater weight than if repeated oral promises were made to pay under the same contract." On the facts our case is even stronger than the White case. There the broker relied on the repeated oral express promises to pay a commission; there is here an express refusal to consummate any contract, written or oral, hence he relies on an implied oral contract to pay notwithstanding the statute of frauds. In accord with the White case are *Hicks* v. *Post,* 154 Cal. 22 [96 P. 878]; *Morrill* v. *Barneson,* 30 Cal.App.2d 598, 600 [86 P.2d 924]; *Sweeley* v. *Gordon,* 47 Cal.App.2d 381, 384 [118 P.2d 14]; *Herzog* v. *Blatt,* 80 Cal.App.2d 340, 343

[180 P.2d 30] ; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154] ; *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198] ; *LeBlond* v. *Wolfe,* 83 Cal.App.2d 282 [188 P.2d 278], and similar cases upon which appellant relies are not in point. Those cases rest on the accepted doctrine that the prerequisite of the plea of estoppel is fraud. *Wilson* v. *Bailey,* 8 Cal.2d 416 at 422 [65 P.2d 770], reaffirms the language of *Seymour* v. *Oelrichs, supra,* as follows: " 'The right of courts of equity to hold a person estopped to assert the statute of frauds, where such assertion would amount to practicing a fraud, cannot be disputed. It is based upon the principle "thoroughly established in equity, and applying in every transaction where the statute is invoked, that the statute of frauds having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting, or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme." (2 Pomeroy's Equity Jurisprudence, sec. 921.)' "

This principle has no application here. The undisputed evidence is that the respondents' agent refused to give appellant any contract written or oral. The "promise" found in appellant's testimony meant nothing more than if appellant procured a buyer and completed a sale he should be fully compensated for his efforts.

(2) Hence there is no case of unjust enrichment—a principle that runs through many of the cases cited. This applies only when the broker performs some service for the benefit of the principal under the belief that he will be fairly compensated for his service notwithstanding the statute of frauds. But where, as here, the broker performs no service of benefit to the principal it cannot be said that the latter has been "unduly enriched" by the broker's activities.

Appellant contends that he should at least be compensated for the sale of the growing crops. The sale was one transaction. The purchase price was segregated between the land and the growing crops merely to meet the federal regulations regarding income taxes—to show whether the purchase price of the crops should be treated as capital gains or income. But growing crops under our decisions are a part of the realty until severed just as growing timber is part of the land. *Sears* v. *Ackerman,* 138 Cal. 583 [72 P. 171], *List* v. *Sandell,* 42 Cal.App.2d 505, 507 [109 P.2d 376]. It is undisputed that throughout all the dealings the parties herein treated the sale of the land and crops as one transaction and there is

nothing in the record indicating that any one of them would have considered the sale of one without the other. There is no basis upon which appellant can make a segregation of the sale of the crops from the sale of the land and his case must stand or fall upon the basis of a single transaction covering the entire property.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1948. Carter, J., voted for a hearing.