[Civ. No. 8721. Third Dist. Jan. 19, 1956.]

RAY GENUNG, Appellant, v. ROY O. NELSON
et al., Respondents.

*Assigned by Chairman of Judicial Council.

Ben Van Tress for Appellant.

Huber & Goodwin for Respondents.

PEEK, J.—Plaintiff, a licensed real estate broker, sought to recover a commission for the alleged sale of the Nelsons' property to the defendant Hollister, who, plaintiff alleged, conspired with the Nelsons to defraud him of the commission. At the conclusion of the trial judgment was entered in favor of the defendants, and plaintiff now appeals therefrom. No attack is made upon the order of the court granting defendants' motion for a nonsuit as to the defendant Fern R. Nelson.

Plaintiff's sole contention is that the evidence is insufficient to support the judgment. His argument in support of such contention appears to be that although the original listing agreement between him and the Nelsons had expired, by their conduct they had waived the time limitation as fixed in that agreement, and hence he was entitled to a commission as alleged in his complaint.

The record shows without conflict that the property in question had been listed by the Nelsons with the plaintiff; that the listing had been extended once but had expired approximately six weeks before plaintiff met Hollister; that Hollister signed a deposit receipt to buy the Nelsons' property and deposited a check with the plaintiff; that when plaintiff communicated Hollister's offer to Mr. Nelson over the telephone it was rejected; and that Hollister then went to plaintiff's office and the check was returned to him. However, the record is in sharp conflict as to whether or not the Nelsons had waived the time limitation in the extended agreement and thereby placed themselves within the rule enunciated in *Baker* v. *Curtis,* 105 Cal.App.2d 663 [234 P.2d 153], upon which plaintiff places primary reliance. The Nelsons testified that plaintiff was informed both prior to the submission of the Hollister bid and at the time thereof that their listing agreement with him was at an end. Plaintiff's testimony was directly to the contrary and to the effect that Mr. Nelson had told him to continue his efforts to sell the property and particularly to follow up with the defendant Hollister.

In the Baker case, under somewhat similar circumstances, the jury found in favor of the agent on conflicting testimony. In this case the court found in favor of the owner, likewise on conflicting testimony. The question posed in each case was strictly one of fact. Hence here, as in the Baker case, since

there is ample evidence to support the conclusion of the trial court, its determination must be sustained on appeal.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1956.