[Civ. No. 9518. Fourth Dist., Div. One. Mar. 17, 1970.]

HAROLD E. OSBORNE, Plaintiff and Appellant, v. HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT et al., Defendants and Respondents.

512

## COUNSEL

Roy B. Woolsey and Gilbert W. Boyne for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, Timothy L. Strader, Deputy County Counsel, Dennin & Poitevin, William W. Dennin, Rimel Harvey & Helsing and Duffern H. Helsing for Defendants and Respondents.

## OPINION

**COUGHLIN, J.**—Plaintiff appeals from a judgment dismissing his action against defendants Huntington Beach Union High School District and Laguna Beach County Water District following an order sustaining general demurrers to his second amended complaint without leave to amend.

The facts as alleged in the second amended complaint are: Plaintiff, a licensed real estate broker, and defendant, Huntington Beach Union High School District, "through its agent Edwin W. Anderson," entered into an oral contract whereby School District agreed "to employ plaintiff as a broker and finder" to locate a parcel of real property suitable for school use and find a seller therefor; he should be paid an amount equal to 5

percent of the total consideration given for the property; to protect him and his fee; and to cause the transferor of the property to pay the fee. Plaintiff agreed to locate the property and find a seller. Both parties agreed the fee should be paid by the transferor. Plaintiff found a suitable parcel of property, which was owned by defendant Laguna Beach County Water District. Thereafter a person named William V. Moorhead "on behalf of Laguna Beach County Water District orally agreed to pay plaintiff a fee and commission in accordance with the terms of the oral contract between plaintiff" and school district. Although not alleged, plaintiff claims William V. Moorhead was general manager of water district. Plaintiff did not disclose the location of the property or the name of the prospective seller to school district or of the prospective buyer to water district until Anderson "individually and on behalf of" school district orally guaranteed the latter's contract with him would be performed, and defendant water district had promised to pay him a seller's commission. In reliance upon the respective promises of school district and water district that plaintiff would be paid a commission, he revealed to each of them the identity of the other as a prospective party to acquisition of the property in question without requiring a written contract for the payment of the commission. Thereafter, school district and water district, respectively, learned of the commission agreement between the other and plaintiff.

In a cause of action against school district and a separate cause of action against water district, plaintiff alleges that upon learning of the commission agreements in question each district communicated with the other; "advised" the other there was a way to save money in the transaction by adopting a method of acquisition which would deprive plaintiff of his commission; and further "advised" the other to breach its oral contract with plaintiff.[1]

In a third cause of action plaintiff alleges a conspiracy between school district and water district to deprive him of his commission, in furtherance of which a transfer of the property in question from water district to school district was effected through eminent domain proceedings.

Plaintiff contends: (1) The second amended complaint states causes

---

[1]We state the substance of the pleading most favorable to plaintiff's position. The actual allegations respecting the advice given defendants to breach their agreements with plaintiff are incongruous. In the cause of action against school district it is alleged Anderson, Moorhead and water district advised Anderson and school district to breach their contract with plaintiff; and in the cause of action against water district it is alleged Moorhead, Anderson and school district advised Moorhead and water district to breach their agreement to pay plaintiff his fee and commission. Thus, it is alleged on the one hand Anderson advised himself and the school district he represented to breach their agreement and on the other hand Moorhead advised himself and the water district he represented to breach their agreement.

of action "for interference with contract or other advantageous relations," i.e., for damages resulting from inducing a breach of contract; and (2) the order sustaining the demurrer without leave to amend was error because causes of action against the defendants, premised on estoppel, could have been stated, i.e., for recovery on oral contracts to pay a broker's fee or finder's fee which defendants are estopped to deny.

We conclude the demurrer properly was sustained on the ground the districts are immune from liability for the injury plaintiff allegedly sustained.

Each of the alleged oral contracts is subject to the statute of frauds and unenforceable. (Civ. Code, § 1624, subds. 2, 5.)

A school district and a water district, as such, act through a board composed of elected officials. (Ed. Code, §§ 1001, 1002; Wat. Code § 30523, 30525.) The complaint does not allege whether school district or water district in advising the breach of plaintiff's oral contracts acted through its governing board or, respectively, through Anderson and Moorhead as its employees. For the purpose at hand we ignore this insufficiency and assume each district acted through its officials functioning as a board or through its employees. In addition, accepting the allegations of the second amended complaint most favorable to plaintiff, we assume board action, although not alleged, was taken pursuant to and in the manner prescribed by statute, i.e., Education Code section 1002.5 and Water Code sections 30523, 31004 and 31041, otherwise, it would not be effective. (*Lipman v. Brisbane Elementary School Dist.,* 55 Cal.2d 224, 231 [11 Cal.Rptr. 97, 359 P.2d 465].) In similar vein, we assume employee action, although not alleged, was within the scope of employment pursuant to authority legally conferred. (See Ed. Code, §§ 1002.5, 15002, 15961; Wat. Code, §§ 30580, 30581.)

Under statutory law applicable to the case at bench, a public entity is not liable for injury caused by the act of its officials or employees where the act is not within the scope of their authority or employment, or where the officials or employees are immune from liability. (Gov. Code, §§ 810.2, 815, 815.2) A public official or public employee is not liable for injury caused by an act which was the result of the exercise of discretion vested in him. (Gov. Code, § 820.2.) Whether an act is discretionary within the meaning of the statute conferring immunity is determined in light of "policy considerations relevant to the purposes of granting immunity to the governmental agency whose employees act in discretionary capacities." (*Johnson v. State of California,* 69 Cal.2d 782, 796-797 [73 Cal.Rptr. 240, 447 P.2d 352].) We conclude the advice by one governmental agency to another governmental agency not to

perform an unenforceable oral contract to which the latter agency and a third person are parties, the contract being an incident of a transaction in which the advising agency has an interest, is the product of a basic policy decision to which immunity attaches. (*Lipman* v. *Brisbane Elementary School Dist., supra,* 55 Cal.2d 224, 230-234; see also *Johnson* v. *State of California, supra,* 69 Cal.2d 782, 789, 793-795; *Bank of America* v. *County of Los Angeles,* 270 Cal.App.2d 165, 171 [75 Cal.Rptr. 444]; *Widdows* v. *Koch,* 263 Cal.App.2d 228, 237, 239 [69 Cal.Rptr. 464]; *Burgdorf* v. *Funder,* 246 Cal.App.2d 443, 448 [54 Cal.Rptr. 805]; *Tietz* v. *Los Angeles Unified School Dist.,* 238 Cal.App.2d 905, 908-911 [48 Cal.Rptr. 245]; *Ne Casek* v. *City of Los Angeles,* 233 Cal.App.2d 131, 133 [43 Cal.Rptr. 294].) Defendants are not liable for the injury sustained by plaintiff as a result of the acts of interference by defendants with plaintiff's oral contracts or his business relationship with them as alleged in the second amended complaint. (*Id.*)

Plaintiff's contention Water District acted in a proprietary capacity, in support of which he mistakenly relies on the decision in *Morrison* v. *Smith Bros., Inc.,* 211 Cal. 36 [293 P. 53], is without merit.

■ The conspiracy cause of action does not allege anything was done which, without the conspiracy, would give rise to a cause of action. The demurrer thereto properly was sustained. (*Tietz* v. *Los Angeles Unified School Dist., supra,* 238 Cal.App.2d 905, 912-913; *Wise* v. *Southern Pac. Co.,* 223 Cal.App.2d 50, 64 [35 Cal.Rptr. 652].)

■ Plaintiff was not entitled to rely upon the representation defendants would perform a contract unenforceable under the statute of frauds. No basis exists for an estoppel. (*Hicks* v. *Post,* 154 Cal. 22, 28 [96 P. 878]; *Barcelon* v. *Cortese,* 263 Cal.App.2d 517, 525 [69 Cal.Rptr. 657]; *Rosenbaum* v. *Rosenbaum,* 257 Cal.App.2d 193, 198 [64 Cal.Rptr. 632]; *White* v. *Hirschman,* 54 Cal.App.2d 573, 574 [129 P.2d 430]; *Sweeley* v. *Gordon,* 47 Cal.App.2d 381, 384 [118 P.2d 14].) No error occurred in sustaining the demurrer without leave to amend.

As the foregoing conclusions are determinative of this appeal, we need not discuss other contentions raised by the parties.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1970.