[Civ. No. 67429. Second Dist., Div. Four. Sept. 17, 1984.]

ELIZABETH HUGHES et al., Plaintiffs and Respondents, v.
ROY V. MORRISON et al., Defendants and Appellants.

COUNSEL

Tiffany, Hunt & Brown and Robert D. Brown for Defendants and Appellants.

Silverton, Phillippi & Spiro, Lawrence E. Silverton and R. Ira Spiro for Plaintiffs and Respondents.

OPINION

**KINGSLEY, J.**—Defendants appeal from a judgment in favor of real property brokers in an action for a commission on a sale. We affirm.

After a long period of negotiations, plaintiffs procured the sale of defendants' property. In connection with that sale, which ultimately called for a cash down payment, with instalment payments on the balance, such payments being secured by a deed of trust, the sellers and the brokers entered into a commission agreement[1] reading as follows:

"To: Elizabeth Hughes, Agoura, California.
David Swenson, 5521 Reseda Blvd.,
Tarzana, California.

"RE: Option to Purchase Real Property dated May 16, 1970, as amended by Amendment of *Option Agreement dated February 26 1971*—Roy

---

[1] The original sales agreement did not have the instalment payment provision; that provision was agreed upon between buyer and sellers, necessitating a revision of the brokers' commission arrangement to that of the ultimate brokerage agreement.

V. Morrison and Veva D. Morrison, Optionors; J.B.R. Development Co., Optionee

"*In reference to the above real property purchase agreement,* this will confirm our oral understanding that in the event *the escrow above referred to* in the Option Agreement as amended closes by transfer of title to J.B.R. Development Co., Optionee, or its nominee, then in such event you will be paid a real estate commission in the amount of five percent (5%) of the purchase price when and as payments on account of *said purchase price* are received by the undersigned, said five percent commission to be divided equally between Elizabeth Hughes, real estate license No. 004-936, and David Swenson, real estate license No. 102-210." (Italics added in original.) The sales agreement of February 26, 1971, referred to in that commission agreement was later modified by the sellers and the buyer but the sellers continued to pay commissions as stipulated in the commission agreement until, in 1975, the buyer defaulted in its installment payments. The sellers thereupon foreclosed on the deed of trust and retook title to the property. In spite of the foreclosure, extensive negotiations between buyer and sellers took place, in which the brokers participated along with an attorney for the sellers.[2] Those negotiations resulted in a "repurchase,"[3] by the original buyer, at a reduced price and different terms. The brokers here contend that they are entitled to a commission, at the 5 percent rate, on the payments made to the sellers under the new sales agreement. The trial court agreed and gave judgment for the brokers.[4] The sellers have appealed; we affirm.

■ The position of the sellers, simply stated, is that, since an agreement for a commission to a real property broker must be in writing and the only writing (above quoted) refers specifically to the original sale, no commission can be due to the brokers because of the later sale as to which no written commission agreement was ever executed. However, a line of cases, on quite similar facts, has held that where, as here, the original sale agreement was replaced by a new agreement, between the same parties for the same property,[5] as the result of negotiations in which the original broker

---

[2] An attorney for the sellers participated in the final negotiations and apparently was responsible for the terminology included in the ultimate agreement. As the cases cited below hold, that participation does not operate to keep the brokers from having the standing of "procuring" the ultimate deal.

[3] The term "repurchase" is that of counsel for the sellers in writing to the sellers about the negotiations. The attorney also referred to the ultimate sale arrangement as a "reinstatement" of the original sale.

[4] A contention by cross-appeal that the trial court had improperly computed the commission involved has expressly been abandoned by the brokers.

[5] By its payments prior to the default, the buyer had secured the release from the deed of trust of part of the acreage involved in the original sale. However, the final agreement involved the exact property retaken in the foreclosure—necessarily a part of the original acreage.

had played a substantial part,[6] the original commission agreement should be treated as applicable to the final sale.[7] In so looking at the entire picture of the original sale, its failure because of the buyer's default, the almost immediate renegotiation in which the brokers took a major part, the parties have, by their conduct, treated the reference to the first sale as having been waived by the sellers, and the sellers being treated as the recipient of services by the brokers intended by both sellers and brokers as being a part of the underlying brokerage obligation.

The judgment is affirmed.

Woods, P. J., and McClosky, J., concurred.

---

[6]As we point in footnote 2, *ante*, the conduct of the attorney for the sellers is here immaterial.

[7]See: *Estes* v. *Hotchkiss* (1923) 63 Cal.App. 284 [218 P. 605]; *Baker* v. *Curtis* (1951) 105 Cal.App.2d 663 [234 P.2d 153]; *Kraemer* v. *Smith* (1960) 179 Cal.App.2d 52 [3 Cal.Rptr. 471]; *Dunne* v. *Colomb* (1923) 192 Cal. 740 [221 P. 912].